## SUPREME COURT.

GIDEON HURLBUT, Assignee, &c., agt. WILLIAM ROOT.

A complaint, in an action by an assignee of a mutual fire insurance company, on a premium note to the company, payable in such portions, and at such time or times, as the directors of the company may, agreeably to their charter and by-laws, require, alleging that the plaintiff, as assignee and trustee of the property and effects of the company, ascertained the losses and expenses, and settled and determined the sums to be paid by the members liable to contribute, as their respective proportions of such losses and expenses, without averring that the directors made, or caused to be made, an assessment on the note, is bad on demurrer.

A voluntary assignee cannot make a valid assessment on such a note.

Whether an action can be maintained on such a note, without a prior personal demand of payment of the assessment—*quere?*

*Monroe Special Term, Oct.,* 1855.
DEMURRER to a complaint.

J. M. HATCH, *for plaintiff.*
W. T. BRIGGS, *for defendant.*

T. R. STRONG, Justice. The note in this case is, by its terms, payable "in such portions, and at such time or times, as the directors of said company may, agreeably to their charter and by-laws, require."

It is alleged in the complaint, that the by-laws provide that the "directors shall, after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against said company for loss or damage by fire, settle and determine the sums to be paid by the several members thereof, liable to contribute toward the payment of such loss, as their respective proportions of the same."

A similar provision is contained in the general act for the incorporation of fire insurance companies, to which this company

is subject, passed June 25, 1853. (*Laws* 1853, *Chap.* 466, *p.* 909, § 13—*and is recited in the complaint.*)

It is further alleged in the complaint, that the company received notice from divers persons of loss or damage by fire, sustained by them while members of the company, and insured therein, on property covered by policies issued by the company; and that incidental expenses of the company had accrued; and that afterwards the plaintiff, as assignee and trustee of the property and effects of the company, ascertained the same, and the amount thereof for which the company was liable, and settled and determined the sums to be paid by the members liable to contribute towards the payment of such losses, as their respective proportions of such losses and expenses, &c.; but it is not averred that anything was done by the directors in relation to that subject.

Among the causes of demurrer assigned are, that the complaint does not state facts sufficient to constitute a cause of action, and that it does not appear by the complaint that the directors made, or caused to be made, an assessment on the note in question. I think it was essential to the cause of action, that the losses should be ascertained by the directors, and that they should make an assessment for the payment of them. The defendant promised to pay only in such sums as the directors might require; and a requirement by them of payment of a specified sum is a condition precedent to the obligation of the defendant to make such payment.

The by-laws of the company, and the act of the legislature referred to, authorize and make it the duty of the directors to ascertain and determine the sum to be paid. The company could not transfer the power or duty in this respect to the plaintiff. This power and duty belong to, and form a part of the franchise of the company, and cannot be delegated without an act of the legislature. A legislative act was deemed necessary to authorize receivers of the effects of such companies to make assessments. (*Laws of* 1852, *Chap.* 71, § 2, *p.* 67.) And by chapter 224 of laws of 1854, when an insurance company shall have made an assignment in trust for creditors, and the trust for

any cause shall have become vested in the court, it is declared that the person appointed by the court to execute the trust, in addition to other powers and authority, shall have the power and authority conferred upon receivers by the act of 1852 aforesaid; implying that he would not possess them without an act of the legislature.

Another cause of demurrer assigned is, that it does not appear that payment of the assessment upon the note of the defendant has been personally demanded of him. The complaint is silent in respect to a personal demand. I am inclined to think such a demand was necessary to a right of action. By § 13, of the act of 1853—(see also *Laws of* 1854, *p.* 773)—it is provided that "if any member shall, for the space of thirty days, &c., after personal demand for payment shall have been made, neglect or refuse to pay the sum assessed upon him as his proportion of any loss, as aforesaid, in such case the directors may sue for and recover the whole amount of his deposit note, or notes, with costs of suit." This, by a liberal construction, which should be given to it, appears to impose the necessity of a personal demand of payment to warrant a suit. But it is not necessary in this case to decide the question.

Several other points are made in support of the demurrer, which it is not necessary to consider.

The defendant must have judgment on the demurrer, with leave to the plaintiff to amend, on payment of costs.